UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
GARY LI,

                                    Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. GUERLY CAMILLE,
Shield No. 20254, SERGEANT VITALIY ZELIKOV,
Shield No. 1346, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name
"John Doe" being fictitious, as the true names are presently unknown),

                                  Defendants.
------------------------------------------------------------------------------------X

**COMPLAINT**

**14-cv-05846-PGG**
**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiff, Gary Li, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

      4.

**VENUE**

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**PARTIES**

5. Plaintiff is an Asian-American male and was at all relevant times a resident of the City and State of New York.

6. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

8. At all times hereinafter mentioned, the individually named defendants, P.O. GUERLY CAMILLE ("P.O. CAMILE"), SERGEANT VITALIY ZELIKOV ("SGT. ZELIKOV"), and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

9. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

12. On or about December 18, 2013 at approximately 4:10 p.m., plaintiff GARY LI was lawfully operating a Ford Explorer Sports Utility Vehicle proceeding Northbound on Sixth Avenue, in the County, City and State of New York.

13. Upon beginning to make a left turn onto 51st Street, defendant P.O. CAMILLE instructed plaintiff GARY LI that he could not make a left hand turn onto 51st Street and must continue northbound on Sixth Avenue.

14. Plaintiff GARY LI, upon trying to comply with P.O. CAMILLE's command, could not back up and continue northbound on Sixth Avenue, as the automobile immediately behind plaintiff's vehicle had already begun to make a left hand turn onto 51st Street.

15. Upon plaintiff GARY LI informing defendant P.O. CAMILLE that he was unable to back up and continue northbound as the vehicle behind his was blocking him, P.O. CAMILLE became extremely agitated, and began screaming and threatening plaintiff GARY LI.

16. Defendant P.O. CAMILLE threatened to arrest plaintiff GARY LI on the spot, even though plaintiff GARY LI had informed defendant P.O. CAMILLE that it was impossible to comply with his command.

17. Not knowing what to do, plaintiff GARY LI called 911, and informed the dispatcher of what was transpiring.

18. While plaintiff GARY LI was communicating with the 911 dispatcher, defendant SGT. ZELIKOV arrived on the scene.

19. Defendant SGT. ZELIKOV proceeded to threaten plaintiff GARY LI with a closed fist and instructed plaintiff GARY LI he was now under arrest.

20. When plaintiff GARY LI asked defendant SGT. ZELIKOV why he was under arrest, SGT. ZELIKOV reached into plaintiff GARY LI's Ford Explorer through the driver's side window, and unlocked the car door.

21. Once the car door was unlocked, defendant SGT. ZELIKOV opened the driver's side door and punched plaintiff GARY LI directly in his face.

22. Defendant police officers then proceeded to drag plaintiff GARY LI out of his automobile.

23. Plaintiff GARY LI was then forcibly thrown on the ground and handcuffed.

24. Thereafter, plaintiff GARY LI was taken to the 18th Precinct.

25. From the 18th Precinct, plaintiff GARY LI was transported to Roosevelt Hospital, and treated for a head injury and hypertension.

26. After being treated at Roosevelt Hospital, plaintiff GARY LI was again taken to the 18th Precinct and then to Central Booking, where he was not released until 12:00 P.M. on December 19, 2013.

27. Plaintiff GARY LI was charged with, *inter alia*, Criminal Mischief in the Fourth Degree, Obstructing Governmental Administration in the Second Degree, Resisting Arrest, Disorderly Conduct, and Harassment in the Second Degree.

28. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the New York County District Attorney's Office.

29. On July 7, 2014 all charges against plaintiff GARY LI were dismissed on motion of the New York County District Attorney's Office.

30. Plaintiff has complied with all the conditions precedent of the bringing of this action, and has complied with all provisions of the Charter of the City of New York, and the plaintiff has, prior to the bringing of this action and within ninety days after the injuries hereinafter described were received, duly served notice upon the Corporation Counsel and the Comptroller for the City of New York of his intention to sue upon the claim set forth. More than thirty days have elapsed since the presentation of the Notice of Claim, and that the said claim remains unadjusted and the said Comptroller has failed and/or refused to make any adjustment thereof. Plaintiff has also given testimony in the form of a 50-H hearing, held on March 21, 2014. The instant action is being filed within one year and ninety days of the date in which plaintiff's claims accrued upon his release from prison.

31. As a result of the foregoing, plaintiff GARY LI sustained, *inter alia*, bodily injuries which required medical attention, loss of liberty for approximately one day, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff GARY LI of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiff GARY LI was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

40. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants misrepresented and falsified evidence before the District Attorney.

43. Defendants did not make a complete and full statement of facts to the District Attorney.

44. Defendants withheld exculpatory evidence from the District Attorney.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against GARY LI.

46. Defendants lacked probable cause to initiate criminal proceedings against plaintiff GARY LI.

47. Defendants acted with malice in initiating criminal proceedings against plaintiff GARY LI.

48. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff GARY LI.

49. Defendants lacked probable cause to continue criminal proceedings against plaintiff GARY LI.

50. Defendants acted with malice in continuing criminal proceedings against GARY LI.

51. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

52. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal

proceedings were terminated in plaintiff GARY LI's favor when all charges against him were dismissed.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. §1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff GARY LI's constitutional rights.

56. As a result of the foregoing, plaintiff sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### FORTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" as if the same were more fully set forth at length herein.

58. Defendant Police Officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff GARY LI from being violated by other police officers in their presence.

59. Defendant Police Officers violated plaintiff GARY LI's constitutional rights in the presence of their police colleagues.

60. Defendant police officers had reason to know plaintiff's constitutional rights were being violated.

61. Defendant Police Officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff, GARY LI but failed to do so.

62. Notwithstanding this opportunity, Defendant Police Officers failed to intervene to prevent the violations of plaintiff GARY LI's constitutional rights.

63. As a result of the foregoing, plaintiff GARY LI sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" as if the same were more fully set forth at length herein.

65. Defendants created false evidence against plaintiff GARY LI.

66. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

67. In creating false evidence against plaintiff GARY LI, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

68. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## <u>MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. The aforementioned individual defendants issued legal process to place plaintiff GARY LI under arrest.

71. The aforementioned individual defendants arrest plaintiff GARY LI in order to obtain a collateral objective outside the legitimate ends of the legal process.

72. The aforementioned individual defendants acted with intent to do harm to plaintiff GARY LI, without excuse or justification.

73. As a result of the foregoing, plaintiff GARY LI sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "73" as if the same were more fully set forth at length herein.

75. Defendants arrested and incarcerated plaintiff GARY LI in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

76. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

77. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff GARY LI.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff GARY LI as alleged herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff GARY LI as alleged herein.

81. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff GARY LI was incarcerated unlawfully.

82. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff GARY LI.

83. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff GARY LI's constitutional rights.

84. All of the foregoing acts by defendants deprived plaintiff GARY LI of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from unwarranted and malicious criminal prosecution;

D. Not to have cruel and unusual punishment imposed upon him; and

E. To receive equal protection under the law.

## FIRST CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW ASSAULT

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants' aforementioned actions placed plaintiff GARY LI in apprehension of imminent harmful and offensive bodily contact.

87. As a result of defendants' conduct, plaintiff GARY LI has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: BATTERY

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendant police officers touched plaintiff GARY LI in a harmful and offensive manner.

90. Defendant police officers did so without privilege or consent from plaintiff.

91. As a result of defendants' conduct, plaintiff GARY LI has suffered severe emotional distress as well as multiple bodily injuries.

### THIRD CLAIM FOR RELIEF
### UNDER N.Y. STATE LAW: FALSE ARREST

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendant police officers arrested plaintiff GARY LI in the absence of probable cause and without a warrant.

94. As a result of the aforesaid conduct by defendants, plaintiff GARY LI was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

95. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

### FOURTH CLAIM FOR RELIEF
### UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

96. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. As a result of the foregoing, plaintiff GARY LI was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

98.     Plaintiff GARY LI was conscious of said confinement and did not consent to same.

99.     The confinement of plaintiff GARY LI was without probable cause and was not other wise privileged.

100.    As a result of the aforementioned conduct, plaintiff GARY LI has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

103.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

104.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

105.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff GARY LI.

106. As a result of the aforementioned conduct, plaintiff GARY LI suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

107. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Defendant the City of New York owed a duty to the public at large, including but not limited to plaintiff GARY LI, to exercise reasonable care in the selection, hiring and retention of all of its employees, and in particular, those employees with the job responsibility of dealing with the public at large.

109. Defendant The City of New York failed to use reasonable care when it hired defendants polices officers .

110. Defendant The City of New York failed to make reasonable inquiries into the background of defendant police officers.

111. Had defendant The City of New York used reasonable care in inquiring into the background of defendant police officers, it would have learned  that they were patently unqualified to serve as police officers in the New York City Police Department.

112. As a result of the foregoing, defendant City of New York breached its duty to use reasonable care in the selection and hiring of all of its employees.

113. As a result of defendant City of New York's negligence in hiring defendant police officers, plaintiff GARY LI was subjected to excessive force and to a false arrest by defendant police officers.

114. Upon information and belief, this was not the first time that defendant police officers had used excessive force and/or made false arrests against a citizen of the City of New York.

115. Defendant City of New York knew, or in the exercise of reasonable care, should have known, that defendants police officers had a propensity for using excessive force and/or making false arrests against citizens of the City of New York.

116. Defendant The City of New York knew, or in the exercise of reasonable care, should have known, that defendant police officers had a propensity for engaging in grossly improper, inappropriate and unlawful conduct towards citizens of the City of New York, and then concealing such misconduct by making false accusations against such citizens.

117. Notwithstanding The City of New York's knowledge of the propensities of defendant police officers, defendant the City of New York retained defendant police officers as employees, and allowed them to continue to deal directly with the members of the public, including but not limited to, plaintiff GARY LI.

118. In choosing to hire, and then retain, defendant police officers, defendant City of New York breached its duty to the public at large, and to plaintiff GARY LI in particular, to use reasonable care in the selection and retention of its employees.

119. Defendant City of New York was further negligent in failing to provide adequate training regarding the use of force against civilians, and in failing to adequately supervise defendants in the performance of their occupational duties.

120. As a result of the foregoing, plaintiff GARY LI is entitled to compensatory damages in the sum of one million dollars (1,000,000.00) and is further entitled to punitive damage against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff GARY LI demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
July 25, 2014

BY: _____/s/_____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396